Josephson, J.
The above-entitled matter was heard by the Court as a juiy-waived trial on March 24, 2004. After hearing, based on the credible evidence and the reasonable inferences that can be drawn therefrom, I make the findings of fact stated below.
FINDINGS OF FACT
The action concerns a student loan the defendant obtained in August of 1995. Specifically, on or about August 4, 1995, the defendant applied for a student loan on which the plaintiff, The Education Resources Institute, Inc. (“TERI”), was guarantor. In that application, the defendant requested approximately $12,000 for law school tuition. The lender approved the loan for $13,186.89. On August 29, 1995, the defendant executed and delivered to the plaintiff a promissory note for that purpose. As a result, the lender paid law school tuition in the amount of $13,186.89 on behalf of the plaintiff to Massachusetts School of Law (“Law School”). The funds were disbursed on September 6, 1995. According to the terms of the loan, the defendant was to begin repayment no earlier than either (1) four and one half years from the date of disbursement or (2) six months after the day she graduated or otherwise ceased to be enrolled in the Law School. Interest on the loan was at a variable rate 2% percent in excess of the Prime Rate. The plaintiff claims that repayment should have begun on February 4, 1999. The plaintiff expected to receive 239 monthly payments of$177.28 until J anuaiy 4,2019. As of February 1999, the defendant had made no payment. The defendant was contacted by the plaintiff in May 1999 regarding the outstanding loan and was sent a letter on May 12, 1999, informing her that her loan was ninety days past due. The plaintiff has requested, as it is entitled to under the note, full payment from the defendant. To date, the plaintiff has received one payment of $118.00 on June 22, 2000. Accordingly, the plaintiff claims that the defendant owes $26,294.10 on the note.
The defendant does not deny that she applied for the loan and that the funds were paid on her behalf to the Law School for her tuition. However, within the first month of law school, the defendant became ill and was hospitalized. As a result of her illness, she was unable to continue law school and forced to drop out. The defendant was heavily sedated for the first three weeks of her illness. Thereafter, she was in touch with her insurance company concerning her illness and coverage for it. She was informed by the insurance company that everything had been covered, leading the defendant to form the mistaken impression that she need do nothing further with respect to the loan. Unfortunately, although the defendant notified the school that she was withdrawing, neither she nor the school notified the plaintiff. There was no evidence at hearing as to the Law School refunding tuition to the defendant.
The defendant claims that because she did not receive the benefit of the schooling, she should not be held responsible for payment of the loan. She also maintains that the plaintiff erred in not contacting her sooner than six years after she signed the note to inform her that she was in default.
Under the terms of the agreement, the borrower bears the responsibility to notify the lender of any change in status as a student. Although the plaintiffs sole witness testified that in the normal course, the student notifies the school and then the school notifies the lender, that did not happen in this case.[1] Regardless of any lapse by the Law School, the obligation is the defendant’s whether she received the intended benefit of the funds or not. Further, the lender bears no responsibility to notify the defendant of her outstanding obligation. The plaintiff did not intentionally or wrongfully delay in attempting to secure payment under the note. It notified the defendant within ninety days of recognizing that the loan was in a default status. That it delayed, if it did, is not a defense to the action.
Accordingly, I find against the defendant and for the plaintiff in the amount of $26,294.10.
*200 ORDER
It is hereby ORDERED that plaintiff provide judgment enter for the plaintiff and against the defendant in the amount of $26,294.10.

Whether the defendant may have a claim against the Law School for any failure on its part to fulfill its responsibilities is not a matter presently before the Court.